UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTWONE LONEZO WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-cv-01473-ACA-GMB |
| | ) |
| OFFICER HOLTZCLAW, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Antwone Lonezo Wilson, a prisoner at the William E. Donaldson Correctional Facility, filed this action against Defendant Malcolm Holtzclaw, a prison guard, in his individual and official capacities, alleging that Officer Holtzclaw used excessive force against him, in violation of the Eighth Amendment, by brutally beating him with no provocation. (Doc. 1 at 5). He seeks monetary damages and Officer Holtzclaw's transfer to a different prison. (*Id.*). Officer Holtzclaw has moved for summary judgment on the grounds that Mr. Wilson cannot prove the beating occurred, any injury Mr. Wilson suffered was *de minimis*, Officer Holtzclaw is entitled to qualified immunity, and even if Mr. Wilson's claims could proceed, he would be limited to nominal damages. (Doc. 18 at 7–18)

The magistrate judge entered a report recommending that the court grant Defendant Malcolm Holtzclaw's motion for summary judgment. (Doc. 23). The

magistrate judge concluded that the official capacity claim is barred by Eleventh Amendment immunity and that the individual capacity claim fails as a matter of law because Mr. Wilson cannot prove the assault occurred or that he suffered any physical injuries. (Doc. 23 at 5–11). The court agrees that the Eleventh Amendment bars any official capacity claim against Officer Holtzclaw, and **ADOPTS** the report and **ACCEPTS** the recommendation to dismiss that claim without any further discussion.

But the court **REJECTS** the recommendation to grant summary judgment to Office Holtzclaw with respect to the individual capacity claim for monetary damages. Mr. Wilson has introduced sworn evidence that Officer Holtzclaw beat him, and the photographs and medical evidence collected after the assault do not disprove the occurrence of the assault. In light of Mr. Wilson's evidence that Officer Holtzclaw beat him for no reason, the court cannot grant summary judgment in favor of Officer Holtzclaw. Accordingly, the court **WILL DENY** the motion for summary judgment with respect to Mr. Wilson's excessive force claim for monetary damages. However, the evidence establishes that Officer Holtzclaw is no longer working at the correctional facility where Mr. Wilson is housed, so the court **WILL DISMISS AS MOOT** his request for injunctive relief in the form of an order transferring Officer Holtzclaw to a different facility.

## I.   BACKGROUND

On a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted).

The only evidence Mr. Wilson has presented in this case is his sworn complaint, which the court must accept in the same way it would accept a sworn affidavit. (*See* Doc. 1 at 10); *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). Officer Holtzclaw has also submitted evidence, including a duty post log containing Mr. Wilson's statement about the assault, an inmate body chart documentation form and photographs of Mr. Wilson taken after the incident, Officer Holtzclaw's incident report, and Officer Holtzclaw's affidavit. (Doc. 18-1 to 18-5).

Taken in the light most favorable to Mr. Wilson, on August 23, 2019, Mr. Wilson told Officer Holtzclaw that he was suicidal. (Doc. 18-4 at 1). Officer Holtzclaw handcuffed Mr. Wilson and began walking him toward the mental health building. (*Id.*). During the walk, Officer Holtzclaw grabbed Mr. Wilson by the back of his head and slammed his head into the wall twice, then began hitting Mr. Wilson around his face and head. (Doc. 1 at 5). When Mr. Wilson fell to the floor, Officer Holtzclaw stomped on him, knocking him out. (Doc. 18-4 at 1). Officer Holtzclaw

3

then took Mr. Wilson to the medical office, where a nurse documented that Mr. Wilson had a knot behind his right ear, a red mark above his right armpit, a superficial cut on his wrist, and a busted lip. (Doc. 18-3 at 1). Photographs of Mr. Wilson show slight swelling in his lower lip (*see* doc. 18-5 at 1, 4), and some swelling on the back of his neck (*id.* at 4), but do not show any other visible injuries. There are no photographs of his wrist, where the nurse noted a superficial cut. (*See generally id.* at 1–12).

To controvert this evidence, Officer Holtzclaw submits his affidavit, in which he attests that Mr. Wilson's allegations are false and that he did not beat Mr. Wilson, nor did Mr. Wilson sustain any injuries. (Doc. 18-1 at 1). He also attests that he now works at the Bibb County Correction Facility. (*Id.*).

## II. DISCUSSION

The report and recommendation accurately describes the standard to prove an excessive force claim under the Eighth Amendment. (*See* Doc. 23 at 6–8). But the report recommends finding that the evidence compels the conclusion that Officer Holtzclaw did not beat Mr. Wilson because the photographs and body chart do not reflect injuries serious enough to corroborate Mr. Wilson's account of the beating. (*Id.* at 8–9). To come to this conclusion, the magistrate judge relies on *Scott v. Harris*, 550 U.S. 372, 380 (2007), in which the Supreme Court held that the court at

summary judgment need not accept the plaintiff's version of events where that version "is blatantly contradicted by the record."

But Mr. Wilson's version of events is not "blatantly contradicted" by the record in the same way that the *Scott* plaintiff's version was. In that case, the defendant presented a video recording of the events that proved beyond any doubt exactly what occurred. *Id.* at 378–80. Here, the court has Mr. Wilson's sworn statement that Officer Holtzclaw beat him, plus a medical chart showing that a prison nurse documented some injuries, and photographs showing signs of what appear to be minor injuries. The fact that Officer Holtzclaw's evidence may cast doubt on the seriousness of the beating is not enough for the court to find that the beating did not occur. Instead, this is "a classic swearing match, which is the stuff of which jury trials are made." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013).

Mr. Wilson's evidence is that, after he reported being suicidal, Officer Holtzclaw handcuffed him and then beat him with no provocation. Taking that version of events as true, as the court must, a reasonable jury could find that Officer Holtzclaw used excessive force, in violation of the Eighth Amendment, because Officer Holtzclaw acted maliciously or sadistically to cause harm, and a beating of the type Mr. Wilson describes offends contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S. 1, 7–9 (1992); *see also Wilkins v. Gaddy*, 559 U.S.

34, 38 (2010) ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."); *Sconiers v. Lockhart*, 946 F.3d 1256, 1267 (11th Cir. 2020) ("[T]he core judicial inquiry [is] the nature of the force—specifically, whether it was nontrivial and was applied maliciously and sadistically to cause harm."). Officer Holtzclaw is not entitled to judgment as a matter of law on the ground that the beating did not occur.

Officer Holtzclaw contends, in the alternative, that he is entitled to qualified immunity, arguing only that he was acting in his discretionary authority without addressing the existence of a constitutional violation or whether the right violated was clearly established. (Doc. 18 at 14–17). But under the facts alleged in this case, the constitutional violation was clearly established. *See Johnson v. Breeden*, 280 F.3d 1308, 1321–22 (11th Cir. 2002) (holding that a plaintiff carries his burden of showing the violation of a clearly established right where the plaintiff can establish an Eighth Amendment excessive force claim because "where this type of constitutional violation is established there is no room for qualified immunity. It is not just that this constitutional tort involves a subjective element, it is that the subjective element required to establish it is so extreme that every conceivable set of circumstances in which this constitutional violation occurs is clearly established to be a violation of the Constitution by the Supreme Court decisions in *Hudson* and

*Whitley* [*v. Albers*, 475 U.S. 312 (1986)]."), *abrogated in other part by Patel v. Lanier Cnty.*, 969 F.3d 1173, 1186 (11th Cir. 2020) ("[T]he *Johnson/Fennel* exception continues to apply to Eighth Amendment claims . . . ."). Officer Holtzclaw is not entitled to qualified immunity at this stage.

Officer Holtzclaw's final argument is that 42 U.S.C. § 1997e(e) limits Mr. Wilson's damages to nominal damages because his injuries are *de minimis*. (Doc. 18 at 17–18). Even assuming Mr. Wilson's injuries are *de minimis*, the Eleventh Circuit's recent en banc decision in *Hoever v. Marks*, 993 F.3d 1353, 1356 (11th Cir. 2021) holds that "§ 1997e(e) permits claims for punitive damages without a showing of physical injury." Accordingly, the court cannot limit Mr. Wilson's claim for damages. The court **WILL DENY** motion for summary judgment on Mr. Wilson's claim for monetary damages against Officer Holtzclaw in his individual capacity.

Mr. Wilson does not only seek damages. He also seeks injunctive relief in the form of "remov[ing] Officer Holtzclaw away from" the Donaldson Correctional Facility. (Doc. 1 at 5). Accordingly to Officer Holtzclaw's affidavit, he now works at Bibb County Correction Facility. (Doc. 18-1 at 1). Thus, Mr. Wilson's request for injunctive relief is moot. *See Jews for Jesus, Inc. v. Hillsborough Cnty. Aviation Auth.*, 162 F.3d 627, 629 (11th Cir. 1998) ("A case is moot when events subsequent to the commencement of a lawsuit create a situation in which the court can no longer

give the plaintiff meaningful relief"). The court therefore **WILL DISMISS** Mr. Wilson's request for injunctive relief **AS MOOT**.

### III. CONCLUSION

The court **WILL GRANT IN PART** and **WILL DENY IN PART** Officer Holtzclaw's motion for summary judgment. The court **WILL DISMISS** the official capacity claim against Officer Holtzclaw **WITHOUT PREJUDICE** for lack of subject matter jurisdiction based on Eleventh Amendment immunity. The court also **WILL DISMISS** the request for injunctive relief **AS MOOT**. But the court **WILL DENY** the motion for summary judgment on the individual capacity claim against Officer Holtzclaw for monetary damages.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this August 9, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE